IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

CHRISTOPHER KAPLAN,

       Plaintiff,

v.                                  CIVIL ACTION NO. 3:09-0231

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

## MEMORANDUM ORDER

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his applications on March 13, 2006, alleging disability commencing February 1, 2005, as a consequence of ADHD, dyslexia, Hepatitis C, arthritis and nerve problems. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-three years of age and had attended special education classes and completed the 9th grade. His past relevant employment

experience consisted of work as a high volume cook. In his decision, the administrative law judge determined that plaintiff suffers from lumbar strain/arthritis, chronic sinusitis and Hepatitis C, impairments he found severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of medium level work. On the basis of this finding, and relying on Rule 203.26 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Before this Court plaintiff alleges that the administrative law judge disregarded the effects of his end stage liver disease and Hepatitis C on his ability to engage in substantial gainful activity. Contrary to plaintiff's allegation, however, the administrative law judge considered his Hepatitis C in accordance with the regulations, and found it to be a severe impairment. He specifically noted plaintiff's allegations of fatigue and that he was awaiting a liver transplant.[3] He also noted that, prior to the more recent findings of cirrhosis, his treatment, symptoms, and clinical findings were all minimal. The administrative law judge evaluated plaintiff's chronic liver disease in accordance with the regulations, and found that it did not meet or equal any of the listed impairments. Ultimately, in agreement with the opinion of a state agency physician, Dr. Uma Reddy, he concluded that plaintiff was capable of medium level exertion.

---

[1]This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2]20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 3.

[3] There appears to be some question as to the severity of his liver disease, as the most recent report, an abdominal CT obtained in September 2007, revealed no specific intraabdominal abnormality, and the liver had an unremarkable appearance.

Plaintiff also asserts that the Commissioner made a faulty pain and credibility assessment. The regulations describe a two-step process for evaluating symptoms.[4] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[5] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[6] The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in evaluating the intensity, persistence, and limiting effects of symptoms, Craig v. Chater, supra at 595, subjective complaints may not be discredited solely because they lack objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes the administrative law judge properly assessed the plaintiff's credibility, concluding that his statements concerning the intensity, persistence and limiting effects of his symptoms were not credible. The administrative law judge made this credibility determination after having the opportunity to observe plaintiff at the hearing and after considering the relevant factors listed in 96-7p.[7] In considering these factors, the

---

[4] See 20 C.F.R. §§ 404.1529 and 416.929; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[5] Id.

[6] Id.

[7] See also 20 C.F.R. §§ 404.1529 and 416.929(c)(3); The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of

administrative law judge noted that plaintiff testified to rarely leaving his house, and goes to the store once a week with a friend. He also noted that plaintiff complained of stomach pain and nausea four to five times a week, that some mornings "everything will start to hurt and his head starts to spin," and that he fatigues easily.

The administrative law judge noted his alleged musculoskeletal impairments, but found that there was only minimal evidence of treatment in this regard. Plaintiff has stated that it hurt to move, yet he did not take anything to relieve his symptoms. Additionally, he has had repeated examinations that have shown full range of motion of all extremities. His respiratory impairment has remained responsive to treatment, examinations have shown good air movement, and chest x-rays have shown the lungs to be within normal limits. The administrative law judge also found that, overall, the available evidence of his liver disease does not support the degree of symptom severity and functional limitation that he has alleged. Based on the foregoing, it is clear that appropriate methodology was applied by the administrative law judge and that substantial evidence supports his findings regarding plaintiff's credibility.

Plaintiff asserts that the administrative law judge failed to properly consider the combined effect of his impairments, which included his Hepatitis C, nausea, fatigue, pain, and end stage liver disease. The Social Security regulations provide:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be

---

medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 416.923; *see also* Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir. 1974).

A review of the decision reveals that, in assessing plaintiff's residual functional capacity, the administrative law judge, in fact, considered the combined effect of his impairments. He found that his Hepatitis C was a severe impairment, and provided limitations on his residual functional capacity based on this finding. Also, as noted previously, he evaluated his symptoms of fatigue, nausea, and pain in accordance with the regulations. Having considered all of plaintiff's impairments, it is clear that substantial evidence supports his findings with regard to their combined effect.

Plaintiff next asserts that the administrative law judge failed in his duty to develop the evidence. Plaintiff believes the administrative law judge should have inquired as to how his fatigue and nausea, combined with his need to rest, would impact his ability to maintain gainful employment. This argument is largely repetitive of his earlier argument regarding his credibility and residual functional capacity. The administrative law judge clearly evaluated plaintiff's conditions in accordance with the regulations, which included his allegations of fatigue and nausea. However, he found these complaints to be less than fully credible and, therefore, found no reason to disagree with the most limiting residual functional capacity assessment of record provided by Dr. Reddy. Based on the foregoing, it is clear that the administrative law judge had ample evidence in the record to inform his decision, and that further documentation of the evidence was neither necessary nor required.

Lastly, plaintiff asserts that the administrative law judge failed in his duty to produce evidence sufficient to rebut the presumption of disability. In support of this argument plaintiff cites numerous cases that discuss judicial review, but none that suggest there is a presumption of disability. Plaintiff has, similarly, failed to provide any regulatory or statutory support for his argument, and the Court is aware of none.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the weight given various medical opinions and the assessment of plaintiff's credibility are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: April 27, 2010

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE